**ALLIANZ INSURANCE COMPANY,
Plaintiff–Appellee,**

v.

**Denison D. GARRETT, Jr.,
Defendant–Appellant.**

**No. 94–1440.**

United States Court of Appeals,
Fourth Circuit.

Decided Feb. 15, 1995.

John G. Crandley, Preston, Wilson & Crandley, Virginia Beach, VA, for Denison D. Garrett, Jr.

F. Bradford Stillman, Richard J. Cromwell, McGuire, Woods, Battle & Boothe, Norfolk, VA, for Allianz Ins. Co.

*ORDER OF CERTIFICATION TO THE SUPREME COURT OF VIRGINIA*

WIDENER, Circuit Judge.

This is an appeal from the United States District Court for the Eastern District of Virginia. Resolution of the issue raised on appeal requires the interpretation of Virginia statutory law. No controlling precedent on the issue exists in decisions of the Supreme Court of Virginia or the Court of Appeals of Virginia. We request that the Supreme Court of Virginia exercise its jurisdiction pursuant to Va. Const. art. VI, section 1 and Rule 5:42 of the Rules of the Supreme Court of Virginia, and decide the question certified.

### I. *Nature of the Controversy*

Allianz Insurance initiated this action in the United States District Court for the Eastern District of Virginia, seeking contri-

bution from Denison Garrett, Jr. for payments Allianz made to or on behalf of two infants to settle personal injury claims arising from an automobile accident which occurred in Virginia in 1988. Garrett filed a motion to dismiss claiming that because a New Jersey settlement between Allianz's insured, John Whalen, and the infants operated as a release of Whalen, and did not release Garrett, Va.Code § 8.01–35.1(B) barred Allianz's claim for contribution. The district court treated the motion to dismiss as a motion for summary judgment, and ruled against Garrett. 153 F.R.D. 89. It found the New Jersey settlement released Whalen by operation of law, but that § 8.01–35.1(B) did not bar contribution because the settlement was not in writing.[1] Therefore it held the Virginia common law rule applied and the release of Whalen operated as a release of all joint tortfeasors from liability to the infants, including Garrett, under *Wright v. Orlowski,* 218 Va. 115, 235 S.E.2d 349 (1977). Accordingly, it held Allianz was entitled to contribution from Garrett under Va.Code § 8.01–34. The parties agreed to liquidate the amount of Allianz's claim and the court entered judgment in that amount, preserving Garrett's right to appeal the ruling on the motion for summary judgment.

## II. *The Question of Law to be Answered*

A. Whether a New Jersey settlement of infant personal injury claims, consummated by way of a judgment entered in a pending suit, although not in writing,[2] constitutes a release under § 8.01–35.1?

To answer this question, the court may need to consider the following issues:

1. On the facts of this case, does a release have to be in writing to comply with § 8.01–35.1?

2. If so, is there an exception for infant settlements consummated by order in pending cases which involve parties who are legally incompetent to sign releases? That is to say, is such a substantial compliance with the statute?

## III. *Statement of Facts Relevant to the Question Certified*

This case arises from a car accident that occurred in Virginia on November 23, 1988. John Whalen's car collided with a tractor-trailer, and his car immediately was hit from behind by a car driven by Denison Garrett, Jr. Whalen's two infant grandchildren were passengers in his car, and they were injured as a result of the accident. The infants, by their mother as guardian ad litem, sued Whalen for damages. Whalen's insurance company, Allianz Insurance, settled these claims against Whalen. Because the plaintiffs were infants, the settlement had to be approved by the New Jersey courts. This was done on May 6, 1993. A copy of that order is a part of this record.

Allianz Insurance then filed suit in the United States District Court for the Eastern District of Virginia, seeking contribution from Garrett and his insurer for the payment it made to the injured infants, under Virginia Code § 8.01–34. Diversity jurisdiction existed under 28 U.S.C. § 1332. The parties consented to trial by magistrate judge. Garrett moved to dismiss, arguing that application of § 8.01–35.1(B) prevented Allianz from seeking contribution. The magistrate judge, treating the motion to dismiss as a motion for summary judgment, denied the motion. That court reasoned that the New Jersey settlement effected a release by operation of law of the infants' claim against Whalen, but that the release did not comply with § 8.01–35.1 because it was not in writing. Therefore, it concluded that under Virginia common law Garrett was released by the settlement, and § 8.01–35.1(B) did not bar recovery from Garrett. Garrett has appealed to this court, arguing that the New Jersey settlement complies with § 8.01–35.1; the set-

---

**1.** The district court relied on *Jones v. General Motors Corp.,* 856 F.2d 22 (4th Cir.1988). In *Jones* the Fourth Circuit held that § 8.01–35.1 requires that a settlement be evidenced by a signed writing. 856 F.2d at 24. Following the *Jones* decision, in 1989 the Virginia General Assembly amended § 8.01–35.1(D) to cover oral releases. However, the Amendment only applies to causes of action that accrue on or after July 1,

1989. Because the cause of action in this case accrued in 1988, the amendment does not apply.

The district court, while it recited that *Jones* held that the statute contemplated a signed writing, did not emphasize any lack of signatures in this case.

**2.** The New Jersey court's order is in writing, the terms of the settlement otherwise were not.

tlement does not release Garrett from liability for the infant's injuries; and § 8.01–35.1(B) prevents Allianz from seeking contribution from Garrett. This court heard oral argument on October 31, 1994, and now seeks certification to the Virginia Supreme Court to interpret § 8.01–35.1.

IV. *Names of the Parties and the Names, Addresses and Telephone Numbers of their Respective Counsel*

Appellant/Defendant: Denison D. Garrett, Jr.

Counsel: John G. Crandley
Preston, Wilson & Crandley
Birdneck Office Park
1112 Laskin Road
Virginia Beach, VA 23451
(804) 428–9050

Appellee/Plaintiff: Allianz Insurance Company

Counsel: F. Bradford Stillman
Richard J. Cromwell
McGuire, Woods, Battle & Boothe
9000 World Trade Center
Norfolk, VA 23510
(804) 640–3700

V. *The Certified Question of Law is Determinative of the Proceeding in this Court*

A determination by the Supreme Court of Virginia of whether the New Jersey settlement satisfies the provisions of Va.Code § 8.01–35.1 will resolve this dispute.

If the settlement order is a release under § 8.01–35.1, then because Garrett was not released from liability by the New Jersey judgment he cannot be made to contribute to Allianz Insurance Company.

On the other hand, if the settlement is not a release under § 8.01–35.1, then under Virginia common law, *Wright v. Orlowski*, 218 Va. 115, 235 S.E.2d 349 (1977), the New Jersey settlement would release Garrett from liability, and allow Allianz to force contribution under § 8.01–34.

VI. *Relevant Decisions of the Supreme Court of Virginia or the Court of Appeals of Virginia*

No decisions of the Supreme Court of Virginia or the Court of Appeals of Virginia are directly relevant to this issue.

VII.

The Clerk of this Court shall forward to the Supreme Court of Virginia a copy of this order, certified under the seal of this court and, in addition, the original or copies of all or any portions of the record in this case which the Supreme Court of Virginia may require.

With the concurrences of Circuit Judge LUTTIG and Circuit Judge WILLIAMS.