**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 11-1708**

---

GLADYS GARDNER, Individually on behalf of all persons
similarly situated,

Plaintiff – Appellant,

v.

ALLY FINANCIAL INCORPORATED, f/k/a GMAC INCORPORATED,

Defendant and 3rd-Party Plaintiff – Appellee.

---

**No. 11-1731**

---

RANDOLPH SCOTT, Individually and on behalf of all persons
similarly situated,

Plaintiff – Appellant,

v.

NUVELL NATIONAL AUTO FINANCE, LLC, d/b/a Nuvell National
Auto Finance; NUVELL FINANCIAL SERVICES LLC,

Defendants and 3rd-Party Plaintiffs – Appellees.

---

Appeals from the United States District Court for the District
of Maryland, at Baltimore.  J. Frederick Motz, Senior District
Judge. (1:10-cv-01094-JFM; 1:09-cv-03110-JFM)

---

Argued:  May 18, 2012          Decided:  July 18, 2012

---

Before AGEE, DAVIS, and THACKER, Circuit Judges.

---

Unpublished Order of Certification to the Court of Appeals of Maryland. Judge Thacker directed the entry of the order with the concurrences of Judge Agee and Judge Davis.

---

**ARGUED:** Benjamin Howard Carney, GORDON & WOLF, CHTD., Towson, Maryland, for Appellants. Andrew Seth Doctoroff, HONIGMAN, MILLER, SCHWARTZ & COHN, Detroit, Michigan, for Appellees. **ON BRIEF:** Martin E. Wolf, QUINN, GORDON & WOLF, CHTD., Baltimore, Maryland; Mark H. Steinbach, O'TOOLE, ROTHWELL, NASSAU & STEINBACH, Washington, D.C.; John J. Roddy, Elizabeth A. Ryan, RODDY, KLEIN & RYAN, Boston, Massachusetts, for Appellants. Jason R. Abel, HONIGMAN, MILLER, SCHWARTZ & COHN, Detroit, Michigan; Kimberly A. Manuelides, Geoffrey M. Gamble, SAUL EWING LLP, Baltimore, Maryland, for Appellees.

---

---

**ORDER**

---

THACKER, Circuit Judge:

In their combined appeals, Gladys Gardner and Randolph Scott challenge the district court's grant of summary judgment on behalf of Appellees Ally Financial, Inc. f/k/a GMAC, Inc., Nuvell National Auto Finance LLC, and Nuvell Financial Services LLC (collectively, "GMAC").[1]  Because the determinative issue in this appeal hinges on a novel question of Maryland state law, we certify the following question to the Court of Appeals of Maryland:

> Where tangible personal property financed pursuant to Maryland's Creditor Grantor Closed End Credit Act ("CLEC"), Md. Code Ann., Com. Law §§ 12-1001 et seq., is subsequently repossessed and sold by the credit grantor at an auction that is publicly advertised but requires a $1,000 refundable fee for a person to enter and observe the auction, regardless of whether the person intends to bid, is the sale a private sale under CLEC, and thus subject to the post-sale disclosure requirements in Md. Code Ann., Com. Law § 12-1021(j)(2), or is it a "public auction" (or "public sale"),[2] subject instead to the requirements of § 12-1021(k)?

---

[1] Nuvell National and Nuvell Financial are both wholly owned subsidiaries of GMAC.

[2] Section 12-1021 appears to use the terms "public auction" and "public sale" interchangeably.  Compare Md. Code Ann., Com. Law § 12-1021(j)(1)(i) (using "public auction"), with § 12-1021(k)(1) (using "public sale").  Neither term is defined in CLEC, nor is the term "private sale."

I.

The relevant and undisputed facts as recited by the district court and set forth in the Appellants' complaints are as follows.[3] See Scott v. Nuvell Fin. Servs., 789 F. Supp. 2d 637 (D. Md. 2011); Scott Am. Compl. (J.A. 20-41); Gardner Am. Compl. (J.A. 81-103).[4]

In 2007, Scott purchased a 2007 Mitsubishi Galant under a retail installment sales contract governed by the provisions of the CLEC. His contract was assigned to GMAC. Scott subsequently defaulted on the loan, and GMAC repossessed the vehicle on February 22, 2009. On March 17, 2009, GMAC sent a notice to Scott, informing him that the Galant would be sold at a "public sale" conducted by Manheim of Baltimore-Washington ("Manheim") on Tuesday, March 31, 2009. GMAC then sent Scott a notice on a form indicating that his car had been sold at that auction, and explaining that an approximate balance of $16,541 remained. See Scott, 789 F. Supp. 2d at 638-39; Scott Am. Compl. ¶¶ 12-13, 15-18, 26.

---

[3] Both of these complaints were styled as putative class actions; however, the district court ruled on GMAC's summary judgment motion before a class was certified.

[4] Citations to the "J.A." refer to the Joint Appendix filed by the parties in this appeal.

4

In July 2006, Gardner likewise purchased a Chevrolet Impala under a retail installment sales contract governed by the provisions of the CLEC. Gardner failed to make scheduled payments on the vehicle, and GMAC, who was assigned the contract and a security interest in the vehicle, repossessed it. On December 8, 2009, GMAC sent a notice to Gardner, notifying her that the Impala would be sold at a public sale on Tuesday, January 5, 2010, as part of another Manheim auction. The notice stated, "[Y]ou may attend the sale and bring bidders if you want." Scott, 789 F. Supp. 2d at 639; Gardner Compl. ¶¶ 12-13, 15-17.

Neither Scott's nor Gardner's notices mentioned that members of the public needed to provide a refundable $1,000 cash deposit in order to attend the auction.[5] Scott Am. Compl. ¶ 20; Gardner Am. Compl. ¶ 22. In fact, Gardner tried to attend, but she was denied admission because she could not pay the deposit. Gardner Am. Compl. ¶ 26. She stated, "Since I did not find out about the $1,000 entrance fee until I arrived at the auction, I did not even have time to try to get the $1,000 entrance fee to attend the auction." Gardner Aff. ¶ 5 (J.A. 413). After her

---

[5] If an attendee does not buy anything at the auction, he or she is refunded the deposit amount via check two days later. If a purchase is made, the deposit is credited toward the purchase price. See Scott, 789 F. Supp. 2d at 638 n.1; Gardner Compl. ¶ 19.

vehicle was sold at the auction, GMAC informed her of the sale and also that she had a deficiency balance of approximately $12,196. Scott, 789 F. Supp. 2d at 639; Gardner Compl. ¶ 28.

The Manheim "Tuesday Sales," including the ones in which Gardner's and Scott's vehicles were sold, were advertised every Sunday in the Baltimore Sun's classified "auction" section. The ads, printed in a similar font as other ads in that section, provided the time and location of the sale, a contact phone number, and the terms and conditions of the sale, including the requirement of a refundable $1,000 cash deposit to attend. See Scott, 789 F. Supp. 2d at 643. The ads did not, however, mention the makes or model years of the cars to be sold, nor did they include a specific description of the condition of the cars. Id.

Scott and Gardner filed suit against GMAC, and they both alleged the same five counts: (1) violation of the CLEC; (2) breach of contract; (3) declaratory and injunctive relief; (4) restitution and unjust enrichment; and (5) violation of the Maryland Consumer Protection Act, Md. Code Ann., Com. Law §§ 13-101 et seq. Their suits were combined, as they were "nearly identical in all material respects." Scott, 789 F. Supp. 2d at 639. Notably, "both suits are [] predicated on the factual

premise that the Tuesday [Sales] were private sales subject to more stringent notice and accounting requirements." Id.[6]

After discovery had begun, the district court sua sponte raised the question of whether the Tuesday Sales were actually "public sales" under Maryland law, and invited the parties to move for judgment on the pleadings on this issue. Thereafter, the Appellees filed a motion for summary judgment, which the court granted as to all five counts. See Scott, 789 F. Supp. 2d at 645. The court also rejected a request by Scott and Gardner to pursue further discovery on the issue before ruling. See id. at 640-42.

Upon appeal to this court, the Appellants filed a Motion to Certify Questions of Law to the Court of Appeals of Maryland on October 6, 2011. This court denied the motion on November 14, 2011. Here, however, we address the certification motion sua sponte.

---

[6] On August 24, 2010, GMAC filed a third-party complaint against Manheim Marketing, Inc., a company with which GMAC contracted to conduct auctions of its repossessed automobiles. See J.A. 115-121. However, GMAC filed a Notice of Dismissal Without Prejudice as to Manheim on November 18, 2010, and the district court approved the dismissal the same day. As a result, Manheim did not participate in this appeal.

7

It is appropriate for this court to certify a question of state law to the state's highest tribunal "when [we are] required to address a novel issue of local law which is determinative in the case before [us]." Grattan v. Bd. of Sch. Comm'rs of Baltimore City, 805 F.2d 1160, 1164 (4th Cir. 1986) (citing Lehman Bros. v. Schein, 416 U.S. 386 (1974)). See also Allanz Ins. Co. v. Garrett, 47 F.3d 665, 665 (4th Cir. 1995) (certifying question of Virginia law); Doe v. Pharmacia & Upjohn, Inc., 122 F. App'x 20, 21 (4th Cir. 2005) (certifying question of Maryland law).

The Maryland Uniform Certification of Questions of Law Act provides a mechanism for certification of questions of law to the Court of Appeals of Maryland, its highest court. The Act states,

> The Court of Appeals of this State may answer a question of law certified to it by a court of the United States . . . if [1] the answer may be determinative of an issue in pending litigation in the certifying court and [2] there is no controlling appellate decision, constitutional provision, or statute of this State.

Md. Code Ann., Cts. & Jud. Proc. § 12-603.

III.

First, whether the Manheim Tuesday Sales were public auctions or private sales is the determinative issue in this

8

case. Under Maryland's CLEC provisions, repossessed vehicles must be sold at a "private sale" or "public auction." Md. Code Ann., Com. Law § 12-1021(j)(1)(i). Private sales require post-sale disclosures that public auctions do not. Private sale disclosure requirements include,

> (i) The unpaid balance at the time the goods were repossessed;
>
> (ii) The refund credit of unearned finance charges and insurance premiums, if any;
>
> (iii) The remaining net balance;
>
> (iv) The proceeds of the sale of the goods;
>
> (v) The remaining deficiency balance, if any, or the amount due the buyer;
>
> (vi) All expenses incurred as a result of the sale;
>
> (vii) The purchaser's name, address, and business address;
>
> (viii) The number of bids sought and received; and
>
> (ix) Any statement as to the condition of the goods at the time of repossession which would cause their value to be increased or decreased above or below the market value for goods of like kind and quality.

Md. Code Ann., Com. Law § 12-1021(j)(2). If a creditor does not comply with the stated requirements, it "shall not be entitled to any deficiency judgment to which [it] would be entitled under the loan agreement." Id. § 12-1021(k)(4). Because GMAC did not provide all of the required private sale disclosures, the resolution of whether the sales of Appellants' vehicles were by

private sale or public sale is determinative of the issue in the pending litigation.

Second, there is no controlling appellate decision, constitutional provision, or Maryland statute on point. The CLEC does not define "public auction" or "private sale," and the Court of Appeals of Maryland has never expressly construed these terms. The district court recognized as much, see Scott, 789 F. Supp. 2d at 642, but then relied upon decisions that are factually distinct from the case at hand. For example, the court cites Pyles v. Goller, a Maryland case in which a real estate sale was deemed "public" even though the sale required funds "in the amount of $5,000 . . . in order to bid for each lot [a buyer] intend[ed] to buy." 674 A.2d 35, 37 (Md. Ct. Spec. App. 1996) (emphasis supplied). However, whether an auction is a "public sale" when an attendance fee, as opposed to a bidder's fee, is required has not yet been addressed in Maryland.

Therefore, we certify the question set forth above to the Court of Appeals of Maryland. We note that the court may reformulate the certified question we present. See Md. Code Ann., Cts. & Jud. Proc. §§ 12-604, 606(a)(3).[7]

_____

[7] Appellants also challenge the district court's denial of their request for further discovery before ruling on the (Continued)

10

Counsel of record for the parties are as follows:

Appellants:    Martin W. Wolf and Benjamin H. Carney
Quinn, Gordon & Wolf, Chtd.
102 W Pennsylvania Ave., Suite 402
Baltimore, MD 21204
(410) 825-2300

Mark H. Steinbach
O'Toole, Rothwell, Nassau & Steinbach
1350 Connecticut Ave., N.W., Suite 200
Washington, D.C. 20036
(202) 775-1550

John J. Roddy
Elizabeth A. Ryan
Roddy, Klein & Ryan
727 Atlantic Ave., 2nd Floor
Boston, MA 02111
(617) 357-5500

Appellees:    Andrew S. Doctoroff
Jason R. Abel
Honigman Miller Schwartz and Cohn LLP
2290 First National Building
660 Woodward Ave.
Detroit, MI  48226
(313) 465-7360

Kimberly Manuelides
Geoffrey M. Gamble
Saul Ewing LLP
Lockwood Place
500 E Pratt St., 8th Floor
Baltimore, MD 21202-3133
(410) 332-8844.

---

appellees' motion for summary judgment.  This issue shall be tabled until the certified question is answered.

IV.

Accordingly, pursuant to the Maryland Uniform Certifications of Questions of Law Act, we hereby ORDER: (1) that the question stated above be certified to the Court of Appeals of Maryland for answer; (2) that the Clerk of this Court forward to the Court of Appeals of Maryland, under the official seal of this Court, a copy of this Order, together with the original copies of the record before this Court to the extent requested by the Court of Appeals of Maryland; and (3) that the Clerk of this Court fulfill any request for all or part of the record simply upon notification from the Clerk of Court of the Court of Appeals of Maryland.

QUESTION CERTIFIED